UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANGEL RODRIGUEZ,

     Plaintiff,

     v.

MICHAEL J. ASTRUE,

     Defendant.

Civil No. 10-1801 (JAF)

## **OPINION AND ORDER**

Claimant petitions this court under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying Claimant's application for disability benefits. (Docket No. 1.) Commissioner files a memorandum defending the denial (Docket No. 13), and Claimant files a memorandum challenging it (Docket No. 16). Commissioner replies (Docket No. 18).

**I.**

### **Background**

We derive the following facts from the transcript of the record in this case ("R."). Claimant was born on May 25, 1952. (R. at 19.) Claimant quit school after the eighth grade. (R. at 48.) He has not had any education or vocational training since then. (R. at 187.) Claimant then worked as a fast-food cook at a hamburger restaurant for 32 years. (R. at 17, 187–88.)

1    In July of 2004, the Claimant had a depressive crisis after the death of his father.  (R.

2    at 190.) Plaintiff's depression worsened in the next two weeks.  (Id.)  Seven days after his

3    father's death, Claimant's grandfather died.  Four days after that, Claimant fell off a ladder.

4    (R. at 190–91.)  The fall injured Claimant's right arm in several places, requiring surgery.  (R.

5    at 191.)   Claimant alleges that he still suffers from a decreased range of motion in that arm.

6    (R. at 192.)  In January of 2005, Claimant began seeing Dr. Eduardo Caussade for treatment of

7    his depression and anxiety.  (R. at 193.)  Claimant alleges that his depression and anxiety did

8    not improve despite treatment.  (R. at 193–99.)

9    On May 6, 2005, Claimant applied for Social Security disability benefits. (R. at 12.) He

10   claimed that he was disabled under the Social Security Act, 42 U.S.C. § 416 and 423  ("Act")

11   on account of depression and arm problems.  (Id.)  On January 24, 2006, Commissioner

12   determined that Claimant was not disabled and, accordingly, was not entitled to disability

13   benefits under the Act.  (Id.)  Claimant requested reconsideration of the determination, and on

14   August 24, 2006, Commissioner affirmed the denial.  (Id.)

15   Claimant requested a hearing before an administrative law judge ("ALJ") (R. at 25),

16   which took place before ALJ Theodore Grippo, on December 12, 2007 (R. at 183).  Claimant

17   attended the hearing with counsel and testified regarding his alleged disability.  (Id.)  On the

18   basis of that testimony and evidence discussed below, the ALJ rendered a decision on

19   February 27, 2008, determining that Claimant is not disabled and denying him benefits under

20   the Act.  (R. at 13–18.)  Claimant requested review of the ALJ decision from the Appeals

1    Council and, on June 21, 2010, the Appeals Council denied that review. (R. at 2–3.)  Finally,

2    on August 19, 2010, Claimant filed the instant case for judicial review of Commissioner's

3    decision.  (Docket No. 1.)

## II.

## **Standard of Review**

6        An individual is disabled under the Act if he is unable to do his prior work or,

7    "considering his age, education, and work experience, engage in any other kind of substantial

8    gainful work which exists in the national economy." 42 U.S.C. § 423(d).  The Act provides that

9    "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence,

10   shall be conclusive."  § 405(g).  Substantial evidence exists "if a reasonable mind, reviewing

11   the evidence in the record as a whole, could accept it as adequate to support [the] conclusion."

12   Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting

13   Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).  We must

14   uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's

15   findings, even if we would have reached a different conclusion had we reviewed the evidence

16   de novo.  Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).

17       Our review is limited to determining whether the ALJ employed the proper legal

18   standards and focused facts upon the proper quantum of evidence.  Manso-Pizarro v. Sec'y of

19   Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1981).  We reverse the ALJ if we find that

20   he derived his decision "by ignoring evidence, misapplying the law, or judging matters entrusted

Civil No. 10-1801 (JAF)                                                                                      -4-

1    to experts." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999).  In reviewing a denial of

2    benefits, the ALJ must have considered all evidence in the record.  20 C.F.R. § 404.1520(a)(3).

3            The Act outlines a five-step inquiry to determine whether a claimant is disabled.  Step

4    one focuses on the claimant's work activity; if claimant is "doing substantial gainful activity,"

5    he will be found "not disabled." 20 C.F.R. § 404.1520(a)(4).  Step two determines whether a

6    claimant's impairment(s) meet the Act's severity and duration requirements.  <u>Id.</u>  A claimant

7    bears the burden of proof "at step one of showing that he is not working, [and] at step two that

8    he has a medically severe impairment or combination of impairments. . . ."  <u>Bowen v. Yuckert</u>,

9    482 U.S. 137, 146 n.5, (1987).  The ALJ found Claimant had a severe combination of

10   impairments, citing a "completely consolidated fracture of the right radial distal and a

11   depressive disorder."  (R. at 14.)  The ALJ then proceeded to step three.  (<u>Id.</u>)

12           Step three asks whether the claimant has an impairment or combination of impairments

13   that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, subpart P.

14   20 C.F.R. § 404.1520(d).  If the claimant does not have an impairment equaling one of those

15   listed impairments, see <u>id.</u>, the inquiry proceeds to step four.  At step four, the ALJ first must

16   determine the claimant's residual functional capacity (RFC).  § 404.1520(e).  Next, the ALJ

17   asks whether the claimant has the residual functional capacity to perform the requirements of

18   his past relevant work.  § 404.1520(f).  If the claimant is able to perform his past work, he is not

19   considered disabled.  <u>Id.</u>  The burden is on the claimant, under steps one through four, to prove

Civil No. 10-1801 (JAF)                                                                                    -5-

1    that he cannot return to his former employment because of the alleged disability.  <u>Santiago v.</u>

2    <u>Sec'y of Health and Human Servs.</u>, 944 F.2d 1, 5 (1st Cir. 1991).

3            In this case, the ALJ found at step three that Claimant did not have an impairment

4    equaling one of the impairments listed in 20 C.F.R. Part 404, subpart P.[1]  (R. at 14.)  Proceeding

5    to step four, the ALJ then found that Claimant had a residual functional capacity allowing him

6    to perform medium work.  (R. at 15–17.) Based on that finding, the ALJ found Claimant was

7    able to return to his past work as a fast-food cook.  (R. at 17.)

8                                                        **III.**

9                                                    **<u>Analysis</u>**

10           Claimant alleges that the ALJ improperly determined that Claimant was able to return

11   to his past work.  (Docket No. 18.)  Specifically, Claimant argues that the ALJ improperly

12   determined his RFC, by ignoring evidence, misapplying the law [and] judging matters normally

13   entrusted to experts.  (<u>Id.</u> at 15–16) (citing <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999)).

14   Claimant also argues that the ALJ did not make a "proper or specific description of [Claimant's]

15   residual functional capacity, nor of past relevant work as generally performed or actually

16   performed." (<u>Id.</u> at 12.)  After addressing each argument in turn, we find that the ALJ's opinion

17   rests on "substantial evidence" and we affirm.

18

---

[1] Claimant does not challenge this finding, (Docket No. 16), and we see no error.

1    **A.      Determination of Claimant's RFC**

2             Claimant argues that the ALJ improperly rejected the opinion of the treating psychiatrist,

3    Dr. Caussade, who found that Claimant suffered from a recurrent, major depressive disorder

4    with psychotic features. (Id. at 16.)  § 404.1527(d)(2) requires that the ALJ give treating source

5    opinions "on the nature and severity" of a claimant's impairment "controlling weight" if they

6    are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and

7    "not inconsistent with the other substantial evidence" in the case.

8             In this case, the ALJ permissibly found that several pieces of "substantial evidence" were

9    inconsistent with Dr. Caussade's opinion.  (R. at 16–17.)  As Commissioner's brief notes,

10   Dr. Caussade's opinion was "contradicted by those of Dr. [Edelmiro] Rodríguez, Dr. Sánchez,

11   and Dr. Luis Rodríguez."  (Docket No. 13 at 17.)   This was enough for the ALJ to disregard

12   Dr. Caussade's opinion.[2]  In a case cited repeatedly by Claimant, the First Circuit:

13                    [A]ffirm[ed] the Secretary's adoption of the findings of a non-
14                    testifying, non-examining physician, and permitt[ed] those findings
15                    by themselves to constitute substantial evidence, in the face of a
16                    treating physician's conclusory statement of disability.
17
18   Berrios Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991) (citing

19   Tremblay v. Sec'y of Health & Human Servs., 676 F.2d 11, 13 (1st Cir. 1982)).   It was

20   permissible for the ALJ to rely on the opinions of Dr. Edelmiro Rodríguez, who examined

---

[2] The ALJ also found Dr. Caussade's opinion lacking in credibility, a judgment that we do not disturb. "It is the responsibility of the Secretary to determine issues of credibility and to draw inferences from the record evidence . . . . Indeed, the resolution of conflicts in the evidence is for the Secretary, not the courts."  Irlanda Ortiz, 955 F.2d at 769 (internal citations omitted).

1    Claimant in his offices in September of 2005, and Dr. Luis Rodríguez, to reject Dr. Caussade's

2    opinion.[3]  <u>Id.</u>

3         Claimant next argues that the ALJ did not have an adequate basis for determining

4    Claimant's RFC.  He argues that the state agency medical consultants did not examine plaintiff,

5    failed to provide adequate explanations, and did not take account of all the evidence.  (Docket

6    No. 16 at 23–26.)  Without a sound medical opinion to rely on, Claimant contends, the ALJ

7    impermissibly translated raw medical data himself, in contravention of <u>Rosado v. Sec'y of</u>

8    <u>Health and Human Servs.</u>, 807 F.2d 292 (1st Cir. 1986).  (Docket No. 16 at 25.)

9         Claimant's arguments are mistaken as to both the facts and the law.  First, Dr. Edelmiro

10   Rodríguez did examine Claimant in his office in September of 2005.  (R. at 16.)  Dr. Edelmiro

11   Rodríguez made a number of findings that the ALJ used to determine the Claimant's RFC.  (<u>Id.</u>)

12   Those findings included that Claimant's grooming and hygiene were adequate; his affect was

13   constricted; he was coherent and relevant; had no evidence of phobias, delusions, ideas of

14   reference or obsession, nor any homicidal or suicidal ideas.  (<u>Id.</u>)  Dr. Edelmiro Rodríguez also

15   found, and the ALJ repeated, that the Claimant was in good contact with reality; had good

16   concentration, memory, attention span, judgment and insight; and that Claimant was able to

_____

[3] We also reject Claimant's argument that the ALJ could not rely on the opinions of the state agency medical consultant, Dr. Luis Rodríguez (Docket No. 16 at 25–26).  Claimant argues that the opinion of Dr. Luis Rodríguez is entitled to little weight, because it was prepared before the final longitudinal analysis of Claimant's treating psychiatrist, Dr. Caussade, became available.  (Docket No. 16 at 25–26.)  Dr. Luis Rodríguez's report was submitted in August of 2006, while Dr. Caussade's was incorporated in September of 2007.  (Id. at 25.)  We agree with Commissioner, (Docket No. 18 at 8), that the opinion of Dr. Luis Rodríguez can constitute substantial evidence, because Dr. Luis Rodríguez had "available to [him] most, although not all, of the medical evidence available for [his] review."  <u>Berrios Lopez</u>, 951 F.2d at 431 (upholding ALJ's reliance on opinions of non-treating physicians that had most, but not all medical evidence available to them).

Civil No. 10-1801 (JAF)                                                                                    -8-

1    manage his own funds.  (<u>Id.</u>)  Dr. Edelmiro Rodríguez's findings were consistent with the

2    opinions and the RFC evaluation made by state agency physicians.  (R. at 131–50.)  No more

3    was required for the ALJ to find that Claimant had the RFC sufficient to perform medium work.

4    <u>Agron-Bonilla v. Comm'r of Soc. Sec.</u>, 148 Soc. Sec. Rep. Serv. (CCH) 106, 2009 WL

5    4670538, at *5 (D.P.R. 2009) (affirming ALJ denial of benefits that relied on opinions of non-

6    treating state agency physicians).

7    **B.      <u>Residual Functional Capacity and Relevant Past Work</u>**

8              Claimant next challenges the ALJ's step four determination that Claimant's residual

9    functional capacity allowed him to perform his past relevant work.  (<u>Id.</u> at 12.)  Claimant argues

10   that the ALJ's "generic statement" did not comply with applicable regulations requiring a

11   "function by function analysis[.]"  (<u>Id.</u> at 13.)  The Social Security Rulings ("SSR") he cites in

12   support of this argument are SSR 82-61, 1982 WL 31387, at *2 (1982); and SSR 82-62, 1982

13   WL 31386, at *4 (1982).   Having reviewed the ALJ's determination and the applicable

14   regulations, we disagree with Claimant.

15             SSR 82-62 requires the ALJ to make:

16                     (1) a finding of fact as to the individual's RFC; (2) a finding of fact
17                     as to the physical and mental demands of the past job/occupation;
18                     and (3) a finding of fact that the individual's RFC would permit a
19                     return to his or her past job.

21   SSR 82-62, at *5.

22             SSR 82-61 provides that a claimant will be found "not disabled" if the ALJ determines

23   that the claimant:

> [R]etains the RFC to perform: 1. The actual functional demands
> and job duties of a particular past relevant job; or 2. The functional
> demands and job duties of the occupation as generally required by
> employers throughout the national economy.

SSR 82-61, at *2.

In this case, the ALJ complied with both regulations.  He made a finding of fact "that the claimant has the residual functional capacity to perform the full range of medium work."  (R. at 15–17.)  That finding was based on an extensive consideration of "all [Claimant's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence," as well as opinion evidence and evaluations of credibility.  (Id.) The ALJ then found that the Claimant's past job as a fast-food cook "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Id. at 17–18.)  He found that the Claimant was able to perform his past relevant work as a fast-food cook.  (Id.)

Claimant makes two arguments for why these findings were insufficiently specific: The ALJ did not include any discussion of the mental demands of the past relevant work, and the agency came forward with no evidence to show how the occupation is generally performed. (Docket No. 16 at 14.)  Neither argument is persuasive.  The ALJ's determination that the Claimant could perform medium work was based on an extensive consideration of Claimant's mental history. (R. at 15–17.) Specifically, the ALJ found that Claimant was "logical, coherent and relevant, in contact with reality, alert and well oriented."  (R. at 17.)  He also found that Claimant's "attention, concentration and hygiene" were "adequate."  (Id.)  Having made these

Civil No. 10-1801 (JAF)                                                      -10-

1    determinations, the ALJ was allowed to rely on the "Dictionary of Occupational Titles,"

2    provided by the Department of Labor, to determine whether Claimant could perform his past

3    work as it is generally performed in the national economy.[4] § 404.1560(b)(2) (authorizing

4    reliance on Dictionary of Occupational Titles); see also Caban-Ortiz v. Astrue, 173 Soc. Sec.

5    Rep. Serv. (CCH) 57, 2011 WL 6300665, at *7 (D.P.R. 2011) (same).

6         We quickly dispense with Claimant's remaining arguments.  Contrary to Claimant's

7    assertions, (Docket No. 16 at 17), it is well settled that "at step 4 of the disability determination

8    process . . . the ALJ is not required to elicit the testimony of a vocational expert."  Rivera-

9    Ramos v. Astrue, 2011 WL 2650698, at *10 (D.P.R. 2011) (quoting Santos Martinez v. Sec'y

10   of Health & Human Servs., No. 94-2152, 1995 U.S. App. LEXIS 10434, at *5 (1st Cir. 1995)

11   (per curiam, unpublished).

12        We also reject Claimant's argument that the ALJ ignored evidence that Claimant's right

13   arm precluded him from working as a fast-food cook (Docket No. 16 at 19–21).  Specifically,

14   Claimant argues that the ALJ ignored the examination performed by Dr. Cintrón.  (Id. at 19–20.)

15   Dr. Cintrón evaluated Claimant in his offices on September 27, 2005.  (R. at 163–68.)

16   Dr. Cintrón evaluated Claimant as "not disabled" and issued a favorable prognosis. (R. at 168.)

---

[4] Commissioner concedes that the ALJ mistakenly found that Claimant could perform his past work as a fast-food cook, both as he actually performed it and as it is generally performed in the national economy. (Docket No. 13 at 22.)  Nevertheless, we agree with Commissioner that this error does not require remand.  The Regulations provide that a claimant will be found not disabled if the ALJ finds either that he could perform his past work as he actually performed it, or as that job is generally performed.  20 C.F.R. § 404.1560(b)(2).  The ALJ's finding that Claimant could perform his past work as it is generally performed was sufficient to find Claimant not disabled.  Caban-Ortiz v. Astrue, 173 Soc. Sec. Rep. Serv. (CCH) 57, 2011 WL 6300665, at *7 (D.P.R. 2011). We, therefore, decline to remand on this basis, as the First Circuit has held that "remand is not essential if it will amount to no more than an empty exercise."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) (citations omitted).

Civil No. 10-1801 (JAF)                                                                        -11-

1    Dr. Cintrón's opinion was that Claimant would require no further treatment.  (Id.)  The record

2    shows that the ALJ did consider the report by Dr. Cintrón.  (R. at 17.)  In particular, the ALJ

3    noted that while Claimant complained of decreased range of motion in his arm, Dr. Cintrón

4    issued a favorable prognosis requiring no further treatment.  (Id.)  Claimant's assertion that the

5    ALJ ignored evidence in violation of Nguyen v. Chater, 172 F.3d at 35, is, thus, directly

6    contradicted by the record.  See Hernandez-Guzman v. Astrue, 147 Soc. Sec. Rep. Serv. (CCH)

7    296, 2009 WL 3526485, at *12 (D.P.R. 2009) (finding ALJ's discussion of medical evidence

8    sufficient to rebut claimant's argument that ALJ had ignored evidence).

9                                                               **IV.**

10                                                         **Conclusion**

11           For the reasons stated above, we **AFFIRM** the Commissioner's decision finding

12   Claimant not disabled. We **DENY** Claimant's petition (Docket No. 1) and **DISMISS WITH**

13   **PREJUDICE** all claims therein.

14           **IT IS SO ORDERED**.

15           San Juan, Puerto Rico, this 15th day of March, 2012.

16                                                         s/José Antonio Fusté
17                                                         JOSE ANTONIO FUSTE
18                                                         U.S. District Judge